IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO. 05-0118 -CG** |
| ) | |
| **JOHN WEEKS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the court on the motions of defendant, John Weeks, to suppress. (Docs. 25 & 26).  Defendant asserts that the evidence seized on November 5, 2004, and February 15, 2005, should be suppressed because the search warrants were not supported by probable cause, because the warrants were unlawfully executed and because the search and seizure violated defendant's Fourth Amendment rights.  Defendant does not provide any explanation as to how his rights were violated or what was lacking in the search warrants.  Nor does he even provide copy of the warrants or affidavits themselves.

In order to challenge a facially valid warrant and supporting affidavit, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." U.S. v. Haimowitz,  706 F.2d 1549, 1555-56 (11th Cir. 1983) (citing Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)) ( footnote omitted).

> There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained

Id. at 1556; see also U.S. v. Angulo-Hurtado, 165 F.Supp.2d 1363, 1374 (N.D. Ga. 2001) ("Defendants have alleged no facts supporting their claim that their Fourth or Fifth Amendment rights were violated ... It is Defendants' burden at this juncture to make some affirmative showing both that the statement was false (here, that a constitutional violation took place) and that the affiant had some basis for knowing that it was false. (citations omitted)).

The court finds that defendant has not alleged sufficient facts to support his motions to suppress. Accordingly, defendants motions to suppress (Docs. 25 & 26) are DENIED.

**DONE** and **ORDERED** this 19th day of May, 2005.

    /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE