IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )</br>)</br>)</br>vs.                                                  )</br>)</br>JOHN WEEKS,                              )</br>)</br>    **Defendant.**                           ) | CRIMINAL NO. 05-00118-CG</br>CIVIL NO. 08-00219-CG |

### ORDER

Defendant John Weeks moved to vacate under 28 U.S.C. § 2255. (Doc. 61).  The court has not caused the petition to be served on the United States Attorney because the files and records of this case show that Weeks is entitled to no relief.

"Unless the motion [under Section 2255 ] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 . However, an evidentiary hearing is not required in every case. For example, no evidentiary hearing is required:

• Where the petitioner's claim is "patently frivolous," Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989);

• Where the claim is "based upon unsupported generalizations," id.;

• Where the petitioner has not "allege[d] facts that, if true, would entitle him to relief," Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002);

• Where the facts alleged are not "reasonably specific [and] nonconclusory," id. at 714-15;

• "[W]here the petitioner's allegations are affirmatively contradicted by the

record," id. at 715;

• Where the petitioner's version of the facts has already been accepted as true, Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003); and

• Where "the district court can determine the merits of the ineffectiveness claim based on the existing record." Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983).

In the instant case, a review of the record shows that defendant's motion is clearly untimely and is therefore, patently frivolous. The defendant plead guilty to the offense of possession of methamphetamine with intent to distribute in violation of Title 21 U.S.C. § 841(a)(1) (Doc. 31) and Judgment was entered on September 28, 2005, sentencing defendant to 240 months (Doc. 45). Defendant filed a timely notice of appeal. (Doc. 41). The Eleventh Circuit affirmed defendant's sentence by order dated May 16, 2006, with the mandate being issued on June 14, 2006. (Doc. 57). Weeks states in his motion that he did not file a Petition for Writ of Certiorari with the Supreme Court. The motion also states that it was placed in the prison mailing system on April 18, 2008. (Doc. 61). The motion was filed with this court on April 25, 2008.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, inter alia, that a habeas petition may not be filed more than one year from 'the date on which the judgment of conviction becomes final.'" Kaufmann v. United States, 282 F.3d 1336, 1337 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). Where a defendant unsuccessfully appeals his conviction or sentence but does not thereafter file a timely petition for writ of certiorari, the judgment becomes final when the time for filing the petition for writ of certiorari has run. See Close v. U.S., 336 F.3d 1283, 1286 (11th Cir. 2003). Weeks' sentence was final ninety days after the rendering of the May 16, 2006, decision of the United States Court of Appeals for the

Eleventh Circuit.  Thus, the AEDPA one-year statute of limitations began to run on August 14, 2006, and expired on August 14, 2007.  Weeks argues asserts that the untimeliness of his motion is ude to his attorney's failure to inform him of the time limits for filing a petition for certiorari and for filing a § 2255 petition.  Weeks claims that his counsel abandoned him after his direct appeal was final and that if he had known the time limitations he would have timely filed both a motion for certiorari and this § 2255 motion.  However, "an attorney's ordinary negligence may be attributed to the client under general principles of agency."  Downs v. McNeil, 520 F.3d 1311, 1320 (11th Cir. 2008).  While the deadline for filing a § 2255 petition may be tolled where there are extraordinary circumstances, the court finds that the facts of this case do not qualify.

> ...[E]very Circuit Court of Appeals other than the Seventh ... takes the position that serious attorney misconduct may constitute an extraordinary circumstance for purposes of equitable tolling. See [United States v. ]Martin, 408 F.3d 1089, 1093 [(8th Cir.2005)] ("serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling") (quotations omitted); accord Fleming v. Evans, 481 F.3d 1249 (10th Cir.2007) ; Baldayaque[ v. United States], 338 F.3d 145 [(2d Cir.2003)]; Spitsyn[ v. Moore], 345 F.3d 796 [(9th Cir.2003)]; [United States v.] Wynn, 292 F.3d 226 [(5th Cir.2002)]; Nara [v. Frank], 264 F.3d 310 [(3d Cir.2001)]. These courts have recognized a critical distinction between mere attorney negligence and serious misconduct, holding that the former does not warrant equitable tolling because it is not an extraordinary circumstance. See, e.g., Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) ("[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect."); Baldayaque, 338 F.3d at 152 (noting "simple mistakes about the rules applied to the deadlines for filing of habeas petitions" are "ordinary"). But when an attorney's actions extend beyond everyday mistakes into the realm of serious misconduct, these courts hold that in some circumstances such malfeasance may be "far enough outside the range of behavior that reasonably could be expected by a client that [it] may be considered 'extraordinary.' " Id.

Downs,  520 F.3d at 1321.  After reviewing the cases cited in Downs, the court finds that Weeks' allegations of attorney negligence clearly do not amount to the level of serious misconduct that

would require the tolling of the limitations period.  Weeks does not allege that his counsel was deceitful or that his counsel actively delayed his motion in any way.  "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566-67, 115 L.Ed.2d 640 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Therefore, the court finds that the allegation of attorney negligence in failing to inform Weeks of post appeal deadlines is simply does not constitute an extraordinary circumstance.   As such, Weeks' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, dated April 18, 2008, is outside the period of limitation and is time-barred.

## CONCLUSION

For the reasons stated above, the court finds that the files and records of this case demonstrate that Weeks' claims are clearly untimely.   Therefore, the motion to vacate under 28 U.S.C. § 2255 (Doc. 61) is **DENIED** without a hearing.

**DONE and ORDERED** this 13th day of May,  2008.

 /s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE