# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA**   **)**
                                 **)**
                                 **)**
**vs.**                                 **)**       **CRIMINAL NO. 05-00118-CG**
                                 **)**
**JOHN WEEKS,**                    **)**
                                 **)**
           **Defendant.**       **)**

## ORDER

This matter is before the court on Defendant's "Motion to Correct Record, Resentence and Other Such Relief" (Doc. 64). The relief requested by the "motion" is in essence a collateral attack upon his sentence[1] and is thus construed as a motion brought pursuant to 28 United States Code, Section 2255. Defendant has already filed a 2255 petition in connection with his conviction and sentence. See Doc. 61.

Under 28 U.S.C. § 2255(h), this court lacks jurisdiction to consider a second or successive habeas motion absent authorization from the Eleventh Circuit Court of Appeals. Petitioner cannot evade the requirement by assigning a different label to what is essentially a successive

---

[1] Defendant claims his sentence was illegal under *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Even if *Alleyne* were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. *See, e.g., United States v. Redd,* 735 F.3d 88 (2d Cir.2013); *In re Kemper,* 735 F.3d 211 (5th Cir.2013); *Simpson v. United States,* 721 F.3d 875 (7th Cir.2013); *United States v. Stewart,* No. 13–6775, 2013 WL 5397401 (4th Cir. Sept.27, 2013); *In re Payne,* 733 F.3d 1027 (10th Cir.2013). Thus it would afford Defendant no relief.

motion. Because Defendant has not obtained an order from the Eleventh Circuit authorizing this court to consider his successive § 2255 motion, it is **ORDERED** that the Motion to Correct Record, Resentence and Other Such Relief (Doc. 64) is **DISMISSED** for lack of jurisdiction. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007).

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, a certificate of appealability is **DENIED.**

**DONE** and **ORDERED** this 17th day of March, 2014.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE